UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| GREGORY RYAN WEBB, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) NO. 2:23-cv-00020 |
| SHERIFF CASEY COX, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Gregory Webb, an inmate in the custody of the Cumberland County Sheriff's Office in Crossville, Tennessee, has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2).

### I. APPLICATION FOR PAUPER STATUS

The fee for filing a habeas petition is five dollars. 28 U.S.C. § 1914(a). A proper IFP application includes a declaration that the petitioner is unable to pay the filing fee, accompanied by a certificate from an appropriate jail official showing the amount of money that he has in his inmate trust account. Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"). Petitioner's IFP application complies with these requirements and reflects that he lacks sufficient financial resources to pay the five-dollar filing fee without undue hardship. Accordingly, the IFP application (Doc. No. 2) is **GRANTED**.

### II. INITIAL REVIEW OF THE PETITION

The petition is now before the Court for a preliminary review. See Habeas Rule 4. Under Habeas Rule 4, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." See also Crump v. Lafler, 657

F.3d 393, 396 n.2 (6th Cir. 2011) (citing McFarland v. Scott, 512 U.S. 849, 856 (1994)) ("If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition."). In this case, the petition reveals that Petitioner is seeking habeas relief from the February 16, 2023 judgment of the Cumberland County Circuit Court in case number 22-CR-130, which resulted in Petitioner's conviction for misdemeanor domestic assault and, on March 20, 2023, his sentencing to "11 months 29 days at 75%." (Doc. No. 1 at 1).

However, the petition also reveals that Petitioner's direct appeal from this judgment of conviction remains pending in state court. (Id. at 2). The pendency in the Tennessee Court of Criminal Appeals of the appeal in State of Tennessee v. Gregory Ryan Webb, No. CU-22-CR-130, is confirmed by online records of the Tennessee appellate courts, of which this Court takes judicial notice. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited June 26, 2023); see also Doc. No. 5-1 (copy of Tennessee Supreme Court order filed 04/24/23, recognizing Petitioner's pending appeal in Court of Criminal Appeals). These online records reflect that no appellate briefing has yet been completed in Petitioner's case, as the appellate record was just filed on June 21, 2023.

"District courts have a 'duty to screen out [habeas petitions] which should be dismissed,'" including "for lack of exhaustion" of state-court remedies. Shah v. Quintana, No. 17-5053, 2017 WL 7000265, at *2 (6th Cir. July 17, 2017) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)); see also Clinkscale v. Carter, 375 F.3d 430, 436 (6th Cir. 2004) (recognizing courts' "authority to raise and consider the issue of exhaustion *sua sponte*") (citing Harris v. Rees, 794 F.2d 1168, 1170 (6th Cir. 1986)). A state prisoner generally must exhaust all available state court remedies to obtain relief through a habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A); Pillow v. Burton, 852 F. App'x 986, 990 (6th Cir. 2021). To satisfy the exhaustion requirement, "state

prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Clinkscale, 375 F.3d at 437 (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). In Tennessee, a petitioner is "deemed to have exhausted all available state remedies for [a] claim" when it is presented to the Tennessee Court of Criminal Appeals. Adams v. Holland, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. Sup. Ct. R. 39).

It is Petitioner's burden to show that his state court remedies have been exhausted. Nali v. Phillips, 681 F.3d 837, 852 (6th Cir. 2012) (citing Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)). Here, the face of the petition reveals that Petitioner cannot meet this burden, as his case remains pending in the Tennessee Court of Criminal Appeals. Further review of his federal petition is therefore precluded at this time.

### III. CONCLUSION

In light of the foregoing, this action is **DISMISSED WITHOUT PREJUDICE** to Petitioner's ability to file another petition under Section 2254 in the future, after he has exhausted his remedies in state court.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the Court's procedural ruling that Petitioner has not exhausted available state court remedies, the Court **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE